# HARMAN GREEN PC

Attorneys & Counselors At Law
www.theharmanfirm.com

140 Broadway, Floor 46
New York, New York 10005
824 Exposition Ave., Suite 8
Dallas, Texas 75226
T: 646.248.2288 F: 212.202.3926

April 29, 2025

Via ECF: Hon. Katharine H. Parker

Daniel Patrick Moynihan United States Courthouse

Courtroom: 17D

500 Pearl St.

New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/30/2025
```

Re: 1:24-cv-02790-AT, Christi Clark / The Port Authority of New York and New Jersey, Letter Motion for Discovery Conference and for additional briefing, as necessary.

Hon. Judge Parker,

We write with respect to 1:24-cv-02790-AT. We represent the Plaintiff in the above titled action. Today, April 28, 2025, discovery closed in this action. As well, today, Defendant turned over approximately dozen pages of highly relevant materials. Plaintiff would have relied on these materials during depositions, but was unable to do so given the late production. Plaintiff cannot proceed with certainty that all documents have been produced. As such, this letter motion is necessary and appropriate.

As stated in the April 21, 2025 letter to the Court, Plaintiff has raised a limited number of discovery issues. While the parties did not formally meet and confer on the issue, it would seem such a meeting would be futile based on the positions in that letter. Plaintiff seeks a conference on, and requests leave to brief, the following issues:

1) Whether Plaintiff can question Mr. Andrew Victors about his conversations with the Port Authority attorneys. No privilege log was submitted with this action (Plaintiff raised this deficiency on November 22, 2024 and it was never cured), so it is unclear what, if any, privileged material was sent to or from Mr. Victors. In any event, during the deposition instructions, Mr. Victors testified, without any prompting, that the attorneys for the Port Authority were not his attorneys. He later testified that they had a four hour conversation,

# HARMAN GREEN PC
Attorneys & Counselors At Law
www.theharmanfirm.com

140 Broadway, Floor 46
New York, New York 10005
824 Exposition Ave., Suite 8
Dallas, Texas 75226
T: 646.248.2288 F: 212.202.3926

and another one hour conversation, with him to prepare him for the deposition. Mr. Victors further testified that he believed the Port Authority retaliates against whistleblowing employees and that he was afraid that he would soon be terminated for making complaints about Amanda Rogers, a critical witness in this action. Plaintiff seeks leave to brief whether she can question Mr. Victors about the five hours of conversations he had with the Port Authority attorneys. This was raised at the deposition, and the Port Authority attorneys objected, claiming privilege.

2) Plaintiff seeks full and complete document production. Defendant has had <u>ample</u> opportunity to produce documents in this action. On the final day of discovery, Defendant produced responsive and highly relevant documents. By way of background, this dispute arises out of a failure to promote claim. Plaintiff claims that Defendant promoted Michael Chan over her and that such a promotion was improper and discriminatory. Despite this allegation being clear for over a year, Defendant did not produce the interview files for Mr. Chan until <u>today</u>, the close of discovery. Even then, it is only a very limited number of pages. This discovery sandbagging and gamesmanship cannot go without recourse. As an alternative to a motion to compel, Plaintiff seeks relief to move for adverse inferences for the failure to produce documents relevant to this action. For example, there are no documents that establish that Mr. Chan was qualified for the role. The only documents (despite being requested many months ago) related to Mr. Chan's employment are these interview notes. As such, Defendant has failed to (or refused to) produce relevant documents, and Plaintiff seeks to preclude arguments that he was qualified for the position he was eventually promoted to. Defendant refused to answer an interrogatory that asked it to "Identify the location of all documents related to Plaintiff's promotion interview." Subsequently, Rizwan Baig and Amanda Rogers offered conflicting testimony on who made the decision to promote (or deny) Plaintiff, instead only identifying, vaguely, a 'panel.' There are no documents to show that <u>anyone</u> made the conscious, final decision to promote either Mr. Chan or Plaintiff. As such, Plaintiff moves to compel all production from that panel, or, in the alternative, moves to preclude offering evidence from an 'interview panel' about the decision to promote either Plaintiff or Mr. Chan.

This application seeks leave to brief these two issues and to have a discovery conference on the topics raised. The parties have previously submitted a letter to Your Honor in which Plaintiff indicated her interest in making this motion. Further, discovery is closed. The parties must now rely on the production and record created through today. Absent Your Honor so ordering additional discovery, the parties are prepared to move for summary judgment on liability.

# HARMAN GREEN PC

Attorneys & Counselors At Law
www.theharmanfirm.com

140 Broadway, Floor 46
New York, New York 10005
824 Exposition Ave., Suite 8
Dallas, Texas 75226
T: 646.248.2288 F: 212.202.3926

Respectfully submitted,

*/s/ Evan Richardson*

Evan Richardson, Esq.
HARMAN GREEN PC
140 Broadway, Floor 46
New York, New York 10005
824 Exposition Ave., Suite 8
Dallas, Texas 75226
Texas State Bar No. 24138559
New York State Bar No. 6009112
erichardson@theharmanfirm.com
(646) 248-2288; (561) 214-3339

---

Upon reviewing the parties' letters (*see* ECF Nos. 44, 45), the requested conference is granted.  The Court will conduct a case management conference on May 8, 2025, at 3:00p.m.  The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 43.

SO ORDERED:

*/s/ Katharine H. Parker*          04/30/2025
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE